[Crim. No. 7118.   Second Dist., Div. Three.   Nov. 4, 1960.]

THE PEOPLE, Respondent, v. PEDRO RED, Appellant.

No appearance for Appellant.

No appearance for Respondent.

SHINN, P. J.—Pedro Red was accused by indictment of violating Health and Safety Code, section 11502, in agreeing unlawfully to sell heroin to Francisco Lopez and selling Lopez another substance in lieu of heroin. Trial by jury having been waived, in a court trial Red was convicted. He appeals from the sentence. We construe the appeal as one from the judgment.

Appellant was represented by a deputy public defender at the trial. Upon his application for appointment of counsel on the appeal, we read the record and denied the application for the reason that the appeal has no semblance of merit and

appointment of counsel would serve no useful purpose. Appellant was duly notified of our order and his time to file a brief was substantially extended; no brief has been filed.

■ Officer Lopez testified that he was driving south on Broadway in an unmarked car on May 7, 1959. He was accompanied by Officer Quintin Villanueva. Appellant was on the sidewalk in the company of a man who was unknown to the officers; Lopez had met Red on two previous occasions. Appellant waved at Lopez, who waved back; told Lopez to stop at the corner, where Red and his companion got into the car. Lopez asked appellant if he knew where to get some ''stuff''; Red replied that he could give him the ''stuff.'' In the opinion of the officer, based upon his experience with the vocabulary of persons dealing in narcotics, ''stuff'' means heroin.

Red told Lopez to drive to the corner of Pico and Olive. Villanueva remained in the car while the others walked toward a parking lot. Red and his companion were walking behind Lopez. The officer turned and saw appellant rise from a crouched position and hand the other man a cellophane wrapper which held five capsules containing a white powder. Lopez gave Red a $10 bill and the other man gave the wrapper to the officer. It was stipulated that the capsules contained quinine, a nonnarcotic substance.

Villanueva corroborated the testimony of Lopez as to the encounter with appellant, but he did not witness the exchange of the capsules and the money. Red did not take the stand.

The evidence was ample to sustain the conviction. (*People* v. *Shephard,* 169 Cal.App.2d 283 [337 P.2d 214].) The officers were cross-examined at length regarding their identification of appellant and the identity of the other participant in the transaction, whom they testified they did not know. There was no error at the trial. Appellant received a vigorous and an able defense.

The judgment is affirmed.

Vallée, J., and Ford, J., concurred.